EMILE J. KARAM, INDIVIDUALLY, AND t/a THE CREST,
AND FRANK O'HARA, INC., A CORPORATION OF THE
STATE OF NEW JERSEY, t/a O'HARA'S CAFE, PLAIN-
TIFFS-APPELLANTS, v. ALCOHOLIC BEVERAGE CON-
TROL BOARD OF WEST ORANGE, AND RALLO'S RESTAU-
RANT & PANTRY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 6, 1968—Decided August 8, 1968.

Before Judges CONFORD, COLLESTER and LABRECQUE.

*Mr. William J. Gearty* argued the cause for appellant Emile J. Karam, &c.

*Mr. Harry P. Durkin* argued the cause for appellant Frank O'Hara, Inc., &c.

*Mr. Harry A. Margolis* argued the cause for respondent Board of Alcoholic Beverage Control of West Orange (*Messrs. Margolis & Margolis,* attorneys).

*Mr. Martin Gelber* argued the cause for respondent Rallo's Restaurant & Pantry, *et al.*

The opinion of the court was delivered by

CONFORD, S. J. A. D.  Two neighboring owners of licensed premises appeal from the affirmance by the Division of Alcoholic Beverage Control of the approval by the West Orange Board of Alcoholic Beverage Control (West Orange Board) of a transfer of a plenary retail consumption license from Green's Hotel, Inc., at 103 Pleasant Valley Way, to

Rallo's Bar, Inc (Rallo's), at premises theretofore designated as 650 Eagle Rock Avenue, but changed to 3 Beasley Street (identical premises) for purposes of the application for the transfer.

The significant issue raised is whether the location of the transferee was impermissible under the provisions of the West Orange ordinance which bars the grant or transfer of such a license to premises "within a distance of 500 feet from any other premises then covered by" a similar license. Specifically, appellants argue that their respective premises, each of which has such a license, are less than 500 feet from Rallo's premises. We decide that Rallo's is less than 500 feet from O'Hara's Cafe, thereby invalidating the transfer, and consequently do not reach the question of illegal propinquity to the other premises in question, The Crest.

A review of the legal criteria for measurement of the pertinent distance will precede an outline of the facts.

The ordinance provides that the 500-foot distance "shall be measured in the same manner as required by statute for the measuring of 200 feet relative to schools or churches." That statute, *N. J. S. A.* 33:1–76, provides that the "two hundred feet shall be measured in the normal way that a pedestrian would properly walk from the nearest entrance of said church or school to the nearest entrance of the premises to be licensed." Of the various ways, if more than one, by which a pedestrian can properly go from one place to another, the shortest is to govern. *Presbyterian Church, etc. v. Div. of Alcoholic Bev. Con.,* 53 *N. J. Super.* 271, 279 (*App. Div.* 1958). Finally, applying the practical construction by the Division for many years of the term, "nearest entrance," as recognized by us in the case just cited, the measurement should be "between points on the sidewalk intersecting (*sic*) any walk which a person would use in entering the properties in question." (*Id.,* at *p.* 276). We take this to mean the point at which the line between the sidewalk and the premises proper would intersect a line from the entrance

door to the nearest sidewalk which a pedestrian would normally traverse in leaving or entering the premises, as the case might be.

For some time prior to the original application giving rise to this dispute Rallo's Restaurant had been operating (under the same proprietary interest), pursuant to a zoning variance necessitated by the fact that it was in a residential zone, in a two and one-half story converted dwelling on the south side of Eagle Rock Avenue in West Orange, about 80 feet east of the southeast corner of the intersection of Eagle Rock Avenue and Pleasant Valley Way. O'Hara's Cafe, the other measuring point here pertinent, is situate on the west side of Pleasant Valley Way, distant about 75 feet north of the northwest corner of the same street intersection. The entrance to Rallo's was always on Eagle Rock Avenue, the natural front of the building, with a prominent name sign affixed thereon. The records of the municipal zoning board, building inspector and tax assessor show the address of the premises to have been 650 Eagle Rock Avenue. The distance from this entrance on Eagle Rock Avenue to the point where a line from O'Hara's Cafe's entrance intersects the sidewalk in front of it, by any normal pedestrian route, is less than 290 feet. Thus the distance between the respective critical locations was *prima facie* substantially under the 500-foot minimum of the ordinance.

Not abashed by the foregoing difficulty, Rallo's filed for approval of the transfer with the West Orange Board by specifying its address as 3 Beasley Street (that being the street intersecting Eagle Rock Avenue to the east of the premises). This was deemed colorable, since Rallo's has a parking lot east of its building occupying the southwest corner of the intersection of Eagle Rock Avenue and Beasley Street,[1] and the building had a side entrance on its east side (apparently originally a delivery entrance), designated on

---

[1] Beasley Street makes a "T" intersection with Eagle Rock Avenue, the through street.

the application for the transfer as the "bar entrance." Thus the "distance" from O'Hara's Cafe was swollen by the assumption that the hypothetical patron-pedestrian, bored with the variety of drink (or company) available at O'Hara's, and eager to sample that afforded by Rallo's, would saunter right past Rallo's front entrance on Eagle Rock Avenue, proceed around the corner, walk southerly up the sidewalk on Beasley Street to a point sufficient to make the total distance traversed 500 feet, and effect his entry to the premises therefrom across the parking lot.

However, the West Orange Board did not view the matter as quite that simple. Although three of its five members were sympathetic with the objective of adding another fine restaurant, suitably accoutered with a liquor license, to an area already noted for fine dining places,[2] they wisely perceived that the thirsty patron enroute from O'Hara's might enter Rallo's from its front entrance, or failing that, by its side entrance but *via* the parking lot *from Eagle Rock Avenue,* proceeding directly along the east side of the building to that entrance. This would not increase the distance from O'Hara's Cafe anywhere near enough to add up to the 500 feet which the ordinance commanded as the patron-pedestrian's minimum journey. But the Board was ready with a solution to the applicant's problem. It approved the transfer but subject to the following conditions:

"1. Construction of a new entrance on the Beasley Street side of the premises in accordance with the plans submitted to the Board, said entrance to be appropriate in design for use as a main entrance.

2. Sealing of all entrance doors to the premises located on Eagle Rock Avenue except for those doors to be used as fire exits as may be required by the Fire Department.

3. Construction of a 3-½ foot high masonry wall of decorative design with no openings therein from point abutting building on Eagle Rock Avenue to the point on Beasley Street shown on plan submitted by applicant, said point being more than 500 feet from nearest holder of a Plenary Retail Consumption License."

---

2 As testified to by one of its members before the Division.

Rallo's undertook to comply with the specified conditions. It can be seen that now the hypothetical pedestrian was physically barred from going into the premises from Eagle Rock Avenue, whether by the front door or the side door. He was blocked by a masonry wall built right up to the building, and he had to walk around the Beasley Street corner. But not far enough, according to the Division of Alcoholic Beverage Control, which on the first appeal thereto in this matter found that, according to the testimony of applicant's expert surveyor (who is also Town Engineer of West Orange), the distance the pedestrian would traverse on Beasley Street—62.6 feet—would not suffice to make the total trip from O'Hara's consume the necessary 500 feet. It was only 493.7 feet. Thus the Division was "constrained" by the shortage of 6.3 feet to reverse the West Orange Board and deny the application, but "without prejudice to the filing of a new application based upon such facts as will meet the distance requirements of the applicable ordinance."

On a renewed application to the West Orange Board, Rallo's expert surveyor chose another route from O'Hara's to the end of the new wall on Beasley Street which, he testified, made the distance 507.2 feet. This was accomplished apparently by using different cross-overs at the Eagle Rock-Pleasant Valley Way intersection from those the expert had used at the initial hearing. The objectors contested this showing with testimony of their own expert, who purported to lay out six pedestrian routes between O'Hara's and Rallo's altered entrance, all to the end of the newly constructed wall, five of which measured less than 500 feet.

■ One such route of less than 500 feet involved travelling the north rather than the south side of Eagle Rock Avenue going easterly from the intersection, and crossing that thoroughfare on the extension of a line of the sidewalk running along the west side of Beasley Street. This might well be supported by the decision in *Hopkins v. Municipal Bd. of Alcoholic, etc. Newark*, 4 *N. J. Super.* 484 (*App. Div.*

1949), which seemingly approves a crossing at a "T" inter-section. Others involved walking along the building line of the sidewalk on Pleasant Valley Way and Eagle Rock Avenue, and traversing the intersection of those streets within their cross-walks but not stepping up on the curb corners. We incline to the view that the latter method was impermissible in terms of pedestrian safety. However, we do not pass upon it, or upon the controlling status of the route arguably validated by the *Hopkins* case, *supra,* as we are clear that the device of building the wall to compel the pedestrian to go around the Beasley Street corner to gain access to the premises was a fundamentally improper evasion of the letter and spirit of the ordinance in the light of the adjudicated cases. We disapprove of the countenancing of this device by the determination of the Division under review. In affirming the determination of the Board, the Division accepted the testimony of Rallo's surveyor that all proper courses of travel would measure over 500 feet.

On countless occasions our courts have emphasized the sensitive nature of liquor control legislation. Local ordinances attuned to the public policy involved in this area should be fairly enforced, not regarded as nuisance hurdles to be sidestepped or evaded in the interest of a municipal policy, not reflected in any ordinance, of a contrary import. The obvious purpose of the 500-foot ordinance is the salutary one to prevent an undue concentration of licensed premises in any area. It should be administered in the spirit of its policy, not grudgingly. In other words, so long as such an ordinance is on the municipal books, it cannot be evaded to serve the object of building up a concentrated area of restaurants with appendant alcoholic consumption licenses.

We would concede that any functionally legitimate purpose in fixing the entrance of a licensed premises in one part of a building rather than another should not be vetoed by a court merely because an *incidental* result thereof would be the increase of the distance to another licensed premises enough to comply with a distance ordinance such as the

present one. But here the long-standing and natural entrance to Rallo's was its front entrance on Eagle Rock Avenue, and a pedestrian normally going there from O'Hara's Cafe would use that entrance. We have severe doubts whether closing it off and forcing the trade to use the side entrance *for the sole purpose* of increasing the pedestrian's walking distance from O'Hara's to meet the ordinance is a valid method of achieving legal compliance with it.

But even if that problem were overcome, the building of the wall as here projected constitutes an evasion device which cannot be condoned. Without the wall, the patron coming from O'Hara's, even if required to use the side entrance, would normally get there by the shortest route by walking from Eagle Rock Avenue across the parking lot, along the east wall of the building. The measuring point, in that event, would be the sidewalk on Eagle Rock Avenue adjacent to the east wall. *Presbyterian Church, etc. v. Div. of Alcoholic Bev. Con., supra.* The resulting distance from O'Hara's would be a little over 300 feet—well short of the requirement.

In our view, it is an impermissible evasion of the ordinance to build a physical obstruction on licensed premises *for no other purpose* than to make it impossible for a pedestrian-patron to effect normal entrance to the building *via* the nearest sidewalk—and this solely in order to inflate the walking distance to the nearest licensed premises above the ordinance minimum.

And if all the foregoing were not enough, the final nail in the coffin of evasion was driven when the wall on Beasley Street was extended southerly well past a right-angle line from the side-entrance (now made *the* entrance to the premises) to the Beasley Street sidewalk. That maneuver was employed because termination of the wall at that point, which would have afforded the patron the shortest walk from Beasley Street to the entrance, would not have provided the necessary 500 feet from O'Hara's. Thus the wall as extended blocked off some 15 feet of the previous Beasley Street drive-

way to the parking lot. By the logic of the argument of the respondents, if O'Hara's were 100 feet nearer Rallo's than it is, and Rallo's had enough additional land to the south on Beasley Street, the wall could have been extended for the necessary additional 100 feet, and the tired but still thirsty patron-pedestrian relegated to the long walk along the wall, around it and all the way back to the side-entrance— all in perfect compliance with the ordinance.

We conclude that Rallo's was not in compliance with the ordinance either before or after the physical tailoring of the premises to meet the conditions imposed by the West Orange Board. We need not explore the additional contention of appellants that the Hearer in the Division erred in excluding evidence concerning the zoning effects of the transfer.

Judgment reversed.